J-A06032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| J.M. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| B.M. | : | | |
| | : | | |
| Appellant | : | No. 1082 WDA 2020 | |

Appeal from the Order Entered September 17, 2020
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD17-001973-002

BEFORE:    BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

CONCURRING/DISSENTING MEMORANDUM BY BENDER, P.J.E.:

**FILED: APRIL 30, 2021**

I concur with the Majority's determination relating to Father's first two issues and that portion of its decision regarding the parties' shared physical custody of Child. However, I dissent from the Majority's reversal of the trial court's order awarding Mother sole legal custody of Child.

The Majority includes numerous citations to the trial court's decision that reveal the power and control that Father exerts over Mother. Moreover, many of the trial court's statements in response to the section 5328(a) custody factors, in particular, its discussion in response to factor 13, and its statement that a shared legal custody arrangement is simply untenable, support the trial court's conclusion that Mother should have sole legal custody. Simply because both parties contribute to the toxic dynamics of their relationship, which the Majority couples with the parties' ability to perform daily parental duties, this

is not sufficient to overcome the trial court's decision to award sole legal custody to Mother. The trial court's judgment is not manifestly unreasonable. Moreover, the record certainly contains evidence to support the court's findings. Thus, I would affirm the trial court's order in its entirety.